IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT NATHAN HENSLEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-cv-2614-SMY |
| | ) |
| **WARDEN LILLARD,** | ) |
| | ) |
| Respondent. | ) |

# ORDER

**YANDLE, District Judge:**

Petitioner Robert Nathan Hensley, currently incarcerated at FCI Greenville, filed the instant action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction and sentence (Doc. 1).

Following a jury trial, Hensley was convicted of attempted enticement of a minor to engage in illegal sexual conduct in violation of 18 U.S.C. § 2422(b); attempted production of child pornography after having previously been convicted of child sex crimes, in violation of 18 U.S.C. §§ 2251(a) and 2251(e); and possession of child pornography after having previously been convicted of child sex crimes, in violation of 18 U.S.C. § 2252(a)(4)(B). *See United States v. Hensley*, 982 F.3d 1147, 1151 (8th Cir. 2020). In July 2019, he was sentenced to 420 months imprisonment. *Id.* His conviction and sentence were affirmed on appeal. *Id.* Hensley filed a habeas petition pursuant to 28 U.S.C. § 2255, which was denied on the merits in December 2021. *United States v. Hensley,* No. 4:17-cr-00310-SWW, 2021 WL 6134688, at *1 (E.D. Ark. Dec. 29, 2021).

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from

the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes district courts to apply the Rules to other habeas corpus cases. After reviewing the Petition, the undersigned concludes that this case is subject to dismissal.

Hensley challenges his conviction and sentence asserting that the Government never established that he knowingly viewed child pornography. Hensley further asserts that the trial court lacked jurisdiction because the statutes he was convicted of were not within the police power of Congress. Petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Consequently, aside from the direct appeal process, a prisoner who has been convicted in federal court is limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Jones v. Hendrix,* 143 S.Ct. 1857, 1868-69 (2023) (*abrogating In re Davenport*, 147 F.3d 605 (7th Cir. 1998). In other words, Hensley may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Jones,* 143 S.Ct. at 1868.

Accordingly, Hensley's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  July 17, 2025

**STACI M. YANDLE**
**United States District Judge**